UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAY SNYDER, a married individual,

                      Plaintiff,

    v.

THE BOEING COMPANY,

                      Defendants.

Case No. C13-1550 RSM

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

This matter comes before the Court on the Boeing Company's ("Boeing") Motion to Dismiss the Complaint pursuant to Rule 12(b)(6). Dkt. # 6. For the reasons that follow, the motion is GRANTED.

## II. BACKGROUND

Plaintiff Jay Snyder filed this action against his employer, Boeing, for Boeing's failure to pay him at the proper pay grade pursuant to the terms of the Collective Bargaining Agreement ("CBA") entered into by Boeing and the International Association of Machinists and Aerospace Workers (the "Union"). Dkt. # 11, ¶ 4.2. Mr. Snyder contends that under the CBA, although he is being paid at a Grade 6 level, his job as an Aircraft Pressure and Vacuum

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 1

Tester requires that he be paid at a Grade 7 level. *Id.* at ¶¶ 4.1-4.2.

Mr. Snyder alleges that he has been employed in this role since August of 2010, and that on August 13, 2010, he first brought the pay grade disparity issue to his manager. *Id.* at ¶ 4.4. Between August 2010 and April 2011, Mr. Snyder continued to bring his concern to Boeing and received no responses to his requests to have the issue addressed. *See id.* at ¶¶ 4.5-4.7. In July 2011, Mr. Snyder contacted his Union Steward. Mr. Snyder alleges that despite numerous attempts to have the issue addressed by both Boeing and the Union, no grievance has been filed by the Union on his behalf. *See id.* at ¶¶ 4.8-4.12, 4.16. He filed this action against Boeing on August 29, 2013 for unpaid wages pursuant to RCW 49.52.050.

Boeing filed the instant motion to dismiss, arguing that Mr. Snyder's claims (1) are preempted under § 301 of the Labor Management Relations Act ("LMRA"); (2) constitute a hybrid LMRA claim such that the complaint must allege both that Boeing breached the CBA and that the Union breached its duty of fair representation; and that (3) because the complaint fails to allege any breach by the Union, dismissal with prejudice is warranted. Dkt. # 6, pp. 1-2. In response to the motion, Mr. Snyder filed an Amended Complaint (Dkt. # 11), which alleges that "[t]he Union has breached its duty of fair representation owed to Plaintiff by willfully refusing to pursue a grievance on Plaintiffs [sic] behalf regarding continuing violation of the CBA by Defendant." *Id.* at ¶ 4.16. Boeing argues that the Amended Complaint stills fails to state a hybrid LMRA claim under Fed. R. Civ. P. 12(b)(6) because Plaintiff has not exhausted the grievance process and has failed to allege facts that, if true, would prove that the Union has breached the duty of fair representation. *See* Dkt. # 12. Boeing also contends that Plaintiff's Amended Complaint is barred by the six-month statute of limitations applied to hybrid LMRA claims. *Id.* Mr. Snyder did not move for permission to address the new arguments presented in

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 2

Boeing's reply brief that were necessitated by the filing of the Amended Complaint. Therefore, the Court addresses Boeing's arguments without the benefit of argument from Plaintiff.

## III. DISCUSSION

### A. Standard of Review

In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. 556). In making this assessment, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted); *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir.1999). The Court is not, however, bound to accept the plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678. While detailed factual allegations are not necessary, the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

### B. Analysis

#### 1. LMRA Preemption

When an employee alleges breach of a collective bargaining agreement, "the suit against the employer rests on § 301" of the LMRA. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 164 (1983). Under § 301, employees are generally required to seek relief from employer disciplinary actions through the grievance procedure established by the

union and set out in the CBA. *See id.* Challenging employer action through the grievance process is the employee's exclusive remedy with one exception. *Id.* at 163-64. In an instance where the union fails to fairly represent the employee through the grievance process, the employee may challenge both the employer for breach of the CBA and the union for breach of the duty of fair representation. *Id*. at 164.

Section 301 of the LMRA preempts state-law claims "if the resolution of [the] claim[s] depends upon the meaning of a collective-bargaining agreement." *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007) (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988)). Generally, "[t]he plaintiff's claim is the touchstone of this analysis." *Cramer v. Consol. Freightways, Inc.,* 255 F.3d 683, 691 (9th Cir. 2001) (en banc). Preemption is not mandated solely because the defendant refers to the CBA in mounting a defense; rather, section 301 only preempts claims that require an interpretation of the CBA for resolution. *See Detabali*, 482 F.3d at 1203.

Here, Plaintiff's Amended Complaint asserts two claims for relief: a claim for unpaid wages and a claim for Boeing's violation of the CBA. Dkt. # 11, ¶¶ 5.1-6.8. Although Plaintiff's unpaid wage claim is brought pursuant to RCW 49.52.070, Plaintiff's allegations demonstrate that his entitlement to a level 7 pay grade is "pursuant to the CBA in place." *Id.* at ¶ 4.2. Because both of Plaintiff's claims require interpretation of the CBA, they are preempted under the LMRA.

2. <u>Failure to State a Hybrid LMRA Claim</u>

Boeing contends that Plaintiff failed to state a hybrid LMRA claim because he has failed to plead that the Union breached its duty of fair representation and has failed to assert facts to support such a claim. Dkt. # 6. The duty of fair representation may be breached when a

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 4

union acts in a way that is "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). "Conduct can be classified as arbitrary 'only when it is irrational, when it is without a rational basis or explanation.'" *Beck v. United Food and Commercial Workers Union, Local 99*, 506 F.3d 874, 879 (9th Cir. 2007) (quoting *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 46 (1998). Thus, the standard for determining whether the union acted arbitrarily is deferential and "gives the union room to make discretionary decisions and choices, even if those judgments are ultimately wrong." *Marquez*, 525 U.S. at 45-46. Arbitrariness may be found only where the union's actions or omissions "are unintentional, irrational or wholly inexplicable, such as irrational failure to perform a ministerial act." *Beck*, 506 F.3d at 880. If a union's discretionary actions are not deemed arbitrary, however, the duty of fair representation may still be breached if the union exercised its discretionary judgment in bad faith, or in a discriminatory manner. *Id.*

Here, Mr. Snyder contends that the Union acted arbitrarily when it "chose[] to ignore the Plaintiff's request that they [sic] pursue a meritorious grievance without explanation." Dkt. # 10. As noted above, a union acts arbitrarily only when its actions are irrational or wholly inexplicable. The allegations of the Amended Complaint do not create a plausible inference that the Union acted irrationally or inexplicably when confronted with Plaintiff's pay level issue. Plaintiff alleges that he contacted his Union Steward in July 2011, "who informed him that he would do a job assessment." Dkt. # 11, ¶ 4.8. He alleges that he contacted his Union business representative to look into the pay assignment issue, who "initially agreed that he would do so . . . ." *Id.* at ¶ 4.9. Moreover, Plaintiff alleges that the business representative informed him that the issue would be raised at a meeting in August 2012. *Id.* at ¶ 4.10. That statement was then repeated to Plaintiff by the business representative in September 2012. *See id.* at ¶ 4.11.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 5

Plaintiff's primary basis for bringing suit was the Union and Boeing's failure to apprise him of the status of his grievance. The allegations show that although Union representatives were informed about the issue and appear to have exercised some degree of discretion in pursuing it with Boeing, they did not adequately communicate with Plaintiff. Plaintiff interpreted this failure as a failure to act on his behalf.

Unintentional acts or omissions by union officials "may be arbitrary if they (1) reflect reckless disregard for the rights of the individual employee . . . ; (2) they severely prejudice the injured employee . . . ; and (3) the policies underlying the duty of fair representation would not be served by shielding the union from liability in the circumstances of the particular case." *Robesky v. Quantas Empire Airways Ltd.*, 573 F.2d 1082, 1090 (9th Cir. 1978) (citations ommitted). Plaintiff has not sufficiently pled any facts from which the Court could conclude that Boeing or the Union acted in reckless disregard of his rights. Nor can the Court conclude that failing to hold Boeing liable undermines the policies that support the duty of fair representation. More importantly, the prejudice prong is entirely absent in this case. Plaintiff is currently employed by Boeing and paid at the Grade 6 level. Plaintiff has not alleged that Boeing or the Union's failure to timely address his concerns has caused severe prejudice. *Cf. id.* at 1091 (prejudice prong satisfied where union's omission led to employee's discharge). Moreover, Boeing states that "[a]lthough not directly relevant to this motion, in fact, the Union has initiated the grievance process with regard to Plaintiff's job classification under the CBA. Boeing and the Union are currently working together to address that grievance." Dkt. # 6, p. 2 n.1. Therefore, because Plaintiff has failed to show that Boeing or the Union's failure to act on his behalf was arbitrary, Plaintiff has failed to adequately plead a claim for breach of the duty

of fair representation. Accordingly, the motion to dismiss is granted.[1]

## IV. CONCLUSION

Having reviewed the motion, the response and reply thereto, the attached declarations and exhibits, and the balance of the file, the Court hereby finds and ORDERS that Defendant's Motion to Dismiss (Dkt. # 6) is GRANTED and the Amended Complaint is dismissed <u>without prejudice.</u>

Dated this 10th day of January 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] The Court declines to address Defendant's argument that the six-month statute of limitations has run on Plaintiff's claims. The Court notes, however, that "an employee should not be penalized for seeking to resolve his dispute through the grievance process before filing suit in federal court." *Galindo v. Stoody Co.*, 793 F.2d 1502, 1510 (9th Cir. 1986).